The Liquor Control Commission, Appellee, *v.* Bartolas, Appellant.*

(No. 36511—Decided December 31, 1963.)

Common Pleas Court of Tuscarawas County.

*Affirmed by the Court of Appeals August 13, 1964.

*Mr. William B. Saxbe*, attorney general, and *Mr. John R. Cole*, for appellee.

*Mr. Richard B. Musgrave* and *Mr. George J. Demis*, for appellant.

Lamneck, J. On August 27, 1963, the Liquor Control Commission of the state of Ohio suspended the D-1, D-2 and D-3 permits of the appellant herein, Byron Bartolas, for a period of one hundred (100) days.

The said commission found that on April 18, 1963, the permit holder sold beer to Cheryl Ann Warner, a minor, of the age of 16 years in violation of the Liquor Control Act.

Thereafter the permit holder appealed the decision of the Liquor Control Commission to this court. The appeal was heard on the transcript of the proceedings before the Liquor Control Commission and upon no other evidence.

On November 18, 1963, this court found that the order of the Liquor Control Commission was "supported by reliable, probative and substantial evidence" as provided by Section 119.12, Revised Code, and affirmed the suspension order.

On November 27, 1963, the permit holder filed a motion herein asking the court to vacate and set aside the judgment and final order of the court and grant a new trial or rehearing for two reasons, viz:

1. That said final order, judgment or decree is not sustained by sufficient evidence.

2. That said final order, judgment or decree is contrary to law.

The Attorney General of the state of Ohio contends that there is no provision in law for the court to entertain a motion for a new trial or rehearing of this matter.

Under Section 119.12, Revised Code, it is provided that the hearing in the Common Pleas Court on an appeal from an order of an administrative agency "shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action.

It is therefore quite clear from this statute that the hearing before the Common Pleas Court is a "trial" within the contemplation of the statute.

Under Section 2321.17, Revised Code, "a new trial is a re-examination in the same court of the issues after a final order, judgment or decree by the court."

A trial court may vacate its former order under authority of Section 2321.17, Revised Code, and grant a new trial if "(F) that the final order, judgment or decree is not sustained by sufficient evidence, or is contrary to law."

The motion for a new trial having been filed in the instant case within ten days after the rendition of the judgment, as required by Section 2321.19, Revised Code, the court finds that it has authority to consider the permit holder's motion.

Under Section 119.12, Revised Code, as amended effective October 21, 1953, the Common Pleas Court on appeal from the decision of an administrative agency may "affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order *is supported by reliable, probative, and substantial evidence and is in accordance with law.* In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal."

In *Andrews* v. *Board of Liquor Control*, 164 Ohio St. 275, 131 N. E. 2d 390, the Supreme Court construed the foregoing paragraph from Section 119.12, Revised Code, to mean that the Court of Common Pleas on an appeal from an order of the Liquor Control Commission "must give consideration to the entire record before the Board of Liquor Control, including all evidence offered before the board, and such additional evidence as the court may admit, and must appraise all such evidence as to the credibility of witnesses, the probative character of the evidence and the weight to be given it, and, if from such a consideration it finds that the board's order is not supported by reliable, probative and substantial evidence and is not in accordance with the law, the court is authorized to reverse, vacate, or modify the order of the board."

This would indicate that the hearing on the appeal in the Court of Common Pleas is not a true trial *de novo* but the court

must determine from all of the evidence whether the order of the commission is supported by reliable, probative and substantial evidence.

In the hearing before the Liquor Control Commission, one Cheryl Ann Warner, aged 16 years, testified that she consumed two glasses of beer which she purchased from the appellant permit holder, Byron Bartolas, for ten cents a glass on April 16, 1963, in his place of business in New Philadelphia, Ohio. This was the only witness to testify on behalf of the state. The permit holder testified that he never served beer to the said Cheryl Ann Warner. Thelma Rogers, a part time clerk for the permit holder testified she never served the said Cheryl Ann Warner any beer or whiskey. There is testimony in the record that said Cheryl Ann Warner was intoxicated on the night of May 17, 1963, which led to the filing of the instant complaint against the permit holder. There is no evidence in the record that any intoxicants were purchased or consumed by the said Cheryl Ann Warner on May 17, 1963, in the permit holders establishment.

Both the permit holder and his part time clerk, Thelma Rogers, testified that they knew the said Cheryl Ann Warner and that she had been in the permit holders place of business on a number of occasions.

In the *Andrews case, supra,* the Supreme Court held that the Court of Common Pleas on an appeal by a permit holder must appraise the evidence offered in three respects, viz.:

1. Credibility of witnesses.
2. Probative character of the evidence.
3. Weight of the evidence.

It is quite evident that at the hearing before the Liquor Control Commission, the commission chose to believe the testimony of said Cheryl Ann Warner and disregarded the testimony of the permit holder as to alleged sales. Her testimony was in unequivocal language as to necessary facts to justify the commission's finding. There is no evidence in the record tending to impeach the credibility of said Cheryl Ann Warner as a truthful witness. In the absence of such evidence of impeachment, the commission members were in a position to weigh her credibility as a witness from her demeanor, her intelligence, her inclination and disposition to tell the truth or otherwise, and

the probability or improbability of her statements. This court is not in a position to make such an appraisal from a transcript of her testimony.

Where the Court of Common Pleas in an appeal is required to judge the credibility of a witness who testifies at a hearing before the Liquor Control Commission in unequivocal language as to the existence of certain facts from a transcript of testimony taken before the members of such commission, the court should not substitute its judgment as to the credibility of such a witness for that of the commission in the absence of impeaching testimony, or other circumstances tending to show that the witness was not worthy of belief.

The court is therefore of the opinion that the order of the commission is supported by reliable evidence.

Is the evidence probative in this case?

Probative evidence is testimony of substance and relevant consequence not vague or uncertain, but having the quality of proof or fitness to induce conviction of truth, and has reference to the substance of the testimony generally, and not the credibility of the witness, though credibility is involved where testimony is directly opposed to physical possibilities or scientific facts. (*Railroad* v. *Lefevers*, 288 Ky. 195, 155 S. W. 2d 845.)

Evidence has "probative value" if it tends to prove an issue. (*State* v. *Scott*, 111 Utah 9, 175 Pac. 2d 1016.)

Under these definitions the finding of the commission is supported by probative evidence.

Substantial evidence means such relevant evidence as a reasonable mind might accept as sufficient to support a conclusion, and "probative value" means evidence carrying quality of proof and having fitness to induce conviction. (*Vonville* v. *Dexter*, 118 Ind. App. 187, 77 N. E. 2d 959.)

Applying this definition to the testimony in this case, the court must conclude that the finding of the commission is supported by substantial evidence.

The issue in this case is not whether this court would find the same facts to exist as the commission did if the court had heard the oral testimony of the witnesses but the issue is whether or not the finding of the commission is supported by reliable, probative and substantial evidence.

The testimony of the said Cheryl Ann Warner being unequivocal and unimpeached, the court must conclude that the order of the Liquor Control Commission is supported by reliable, probative and substantial evidence.

The motion for a new trial is therefore overruled. Exceptions noted.

*Motion overruled.*